UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RAQWAN MOBLEY,

                                Plaintiff,

            -against-

JUDGE MCCOY, Glen Cove Court, et al.,

                             Defendants.
-----------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
18-CV-3575 (JS) (ARL)

**LINDSAY, Magistrate Judge:**

    *Pro* se plaintiff, Raqwan Mobley ("Mobley"), commenced this civil rights action on June 14, 2018, alleging that he was being illegally detained, imprisoned and assaulted by members of the Glen Cove police department based upon a false statement provided by a co-defendant. At the time, Mobley was incarcerated at the Mid-State Correctional Facility. ECF No. 1.

    After the resolution of certain issues regarding the filing of the complaint, on August 8, 2018, the Clerk's Office forwarded to Mobley a blank summons to be completed and returned to the Clerk's Office. On October 11, 2018, Mobley requested an extension of time to return the completed summons. Judge Bianco granted Mobley's request and ordered that "Plaintiff shall effect service on the defendants by December 18, 2018. If service is not made upon defendants by December 18, 2018, or if plaintiff fails to show good cause why such service has not been effected, the complaint will be dismissed without prejudice."

    On November 14, 2018, the Clerk's Office noted that it had "received your proposed civil summons however, it is being returned to you without being issued as they were completed improperly. As such, we have enclosed a blank copy of the civil summons for you to complete and return to us for issuance. Please take note that the summons must be filled out in its entirety,

including the full names and complete address of the defendant(s) listed on the civil complaint. Once returned, if properly completed, we will issue the summons and return it to you for service of the summons and complaint on the party(s)." ECF No. 24.

On December 10, 2018, the Clerk of the Court issued a summons to the Glen Cove Police Department. ECF No. 29. On December 17, 2018, Mobley requested an extension of time to serve the summons because he had not yet received it from the Court. ECF No. 32. Judge Bianco ordered that "plaintiff's request for an extension of time to serve defendants is granted nunc pro tunc. Plaintiff shall effect service on defendants by February 19, 2019. If service is not made upon defendants by February 19, 2019, or if plaintiff fails to show good cause why such service has not been effected, the complaint will be dismissed without prejudice. Plaintiff is to provide a copy of this Order, the July 24, 2018 Order, and the October 19, 2018 Order to defendants along with the summons and complaint, and shall file proof of service with the Court. Because plaintiff may not receive the summons mailed to his prior address and because plaintiff's address is now incorrect on the issued summons, plaintiff shall complete the enclosed blank civil summons form, and return it to the Clerk's Office so that official summons can be issued and mailed to plaintiff at his new address."

Mobley completed and returned the new summons, however, on January 8, 2019 the Clerk's Office notified Mobley that "the Clerk's Office received your proposed civil summons however, it is being returned to you without being issued as it was completed improperly." On

2

January 10, 2019, Mobley filed a proof of service with the Court. The Proof of Service attached an unexecuted summon.

By letter dated March 13, 2019, Mobley advised the Court that he "sent summons to all the Defendants" but "they have not write back." ECF No. 38. However, based upon the docket sheet in this matter, the Clerk's Office returned Mobley's proposed civil summons to Mobley on January 8, 2019 because it was completed improperly. Thus, Defendants have not been served with a summons issued by the Court. By letters docketed on March 18, 2019 and April 22, 2019, Mobley notified the Court that he had not been contacted by Defendants despite service of the summons and Complaint.   In addition, Mobley advised the Court that his address has changed once again. ECF No. 39.

By Order dated May 3, 2019, Mobley was afforded one final opportunity to serve the defendants with a properly executed summons. ECF No. 40. Mobley was provided with explicit instructions on the process to be followed with respect to completion of the blank civil summons form and its return it to the Clerk's Office so that official summons can be issued and mailed to Mobley at his new address. In addition, Mobley was warned that his failure properly serve executed copies of the summons upon the defendants would result in this Court recommending to District Judge Bianco that Mobley's case be dismissed with prejudice for failure to prosecute.

On May 31, 2019, Mobley returned to the Court an unexecuted summons which he claims to have served on defendants, in person, despite the fact that he remains incarcerated and

despite the fact that one of the defendants is named by first name only and was purportedly

served at the Glen Cove court.   This unexecuted summons and proof of service is once again

rejected by the Court.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to

dismiss an action for failure to prosecute or to follow a court order.  Fed. R. Civ. P. 41(b); *see*

*also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  In determining

whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration;
> (2) plaintiff was given notice that further delay would result in dismissal; (3)
> defendant was likely to be prejudiced by further delay; (4) the need to
> alleviate court calendar congestion was carefully balanced against plaintiff's
> right to an opportunity for a day in court; and (5) the trial court adequately
> assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008).

Despite being afforded numerous opportunities to effectuate service of an executed

summons by Judge Bianco and the undersigned, Mobley has failed to serve the complaint for

close to a year.  Under these circumstances, the matter cannot proceed.  Certainly, the defendants

would be substantially prejudiced should this case remain open, to say nothing of the need to

alleviate court congestion where the plaintiff has been noncooperative.  The undersigned,

therefore, respectfully recommends that this case be dismissed for failure to prosecute.

4

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure,

Mobley shall have fourteen (14) days from service of this Report and Recommendation to file

written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in

the case of a party proceeding *pro se*. Mobley must file his objections in writing with the Clerk

of the Court within the prescribed time period noted above. Any requests for an extension of

time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen

(14) day period for filing objections. Failure to file objections will result in a waiver of those

objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*,

118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       June 11, 2019

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge

5