FILED
CLERK
7/18/2019 2:51 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAQWAN MOBLEY,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       18-CV-3575(JS)(ARL)

JUDGE McCOY, GLEN COVE COURT;
GLEN COVE POLICE; and BRITNEY,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Raqwan Mobley, pro se
                   17-A-3221
                   Five Points Correctional Facility
                   State Route 96
                   P.O. Box 119
                   Romulus, New York 14541

For Defendants:    No appearances.
```

SEYBERT, District Judge:

        On June 11, 2019, Magistrate Judge Arlene R. Lindsay issued her Report and Recommendation (R&R, D.E. 44) recommending that the Court dismiss this case for failure to prosecute. On June 24, 2019, Plaintiff filed a request for additional time to serve Defendants, which the Court also construes as an objection to the R&R. (Obj., D.E. 46.) For the following reasons, the thorough and well-reasoned R&R is ADOPTED IN PART and MODIFIED IN PART.

        Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. 10 P. 72(b)(3). Here, as Plaintiff has not made specific objections to the R&R, but simply reiterates his request for additional time to serve Defendants, the Court conducts a review for clear error.

The Court agrees that Plaintiff has continually failed to serve Defendants in accordance with prior Court orders and directives. He has been repeatedly warned dismissal is a consequence of doing so. Thus, the Court adopts Judge Lindsay's well-reasoned R&R insofar as Plaintiff's claims against "Britney" are DISMISSED WITHOUT PREJUDICE. Plaintiff has been told numerous times that, in order to prepare a proper summons, he must include the full name and complete address of each Defendant named in his Complaint. At this juncture, Plaintiff has never provided a complete name or address for "Britney," and the claims against her are thus DISMISSED WITHOUT PREJUDICE.

However, given that Plaintiff has repeatedly attempted to prepare summonses, albeit incorrectly, the Court disagrees that Plaintiff has failed to prosecute this case. Rather, Plaintiff's repeated attempts to properly complete the summonses demonstrates good cause to once more extend the 120-day time within which to effect service. Given Plaintiff's pro se status and the history of this case, the Court, at this juncture, ORDERS the Clerk of the

Court to prepare Summonses as to Defendants Judge McCoy and the Glen Cove Police and to forward the necessary copies of the Summonses, Complaint, and Waiver of Service forms to Plaintiff for service. The Clerk shall also include, with this Order, a copy of the Pro Se Office's written instructions relating to service of a summons and complaint.

The Court advises Plaintiff that although the Clerk is preparing the summonses for Judge McCoy and the Glen Cove Police, PLAINTIFF MUST SERVE THEM IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 4 and should consult the informational materials provided with this Order. PLAINTIFF SHALL SERVE JUDGE MCCOY AND THE GLEN COVE POLICE WITHIN SIXTY (60) DAYS FROM THE DATE OF THIS ORDER AND SHALL FILE PROOF OF SERVICE WITH THE COURT. Plaintiff is warned that the time for service will not be further extended and, should he fail to properly serve Judge McCoy and the Glen Cove Police within the time allowed, absent a showing of good cause, his Complaint will be dismissed without prejudice for failure to prosecute.

Although Plaintiff paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should he seek leave to appeal from this Order in forma pauperis, such appeal would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See

Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July   18  , 2019
       Central Islip, New York